## John Ziemens, Impleaded, etc., v. Willis S. Harwood et al., Surviving Partners, etc.

1. VERDICTS—*When Conclusive upon Questions of Fact.*—When the evidence is conflicting upon an issue tried by a jury and the decided weight of it is with the finding, and all the rulings of the court upon the evidence and the instructions are in accordance with a fair trial, the finding will be sustained.

Assumpsit, for merchandise sold and delivered. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

CHAS. I. WILL, attorney for appellant.

KERRICK & BRACKEN, attorneys for appellees.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Willis S. and Harry B. Harwood, as the surviving partners of the firm of T. F. Harwood & Sons, sued John Ziemens and H. B. Hall in the Circuit Court of McLean County in an action of assumpsit to recover a balance of $353.60, claimed to be due upon a bill of lumber and other building material sold and delivered by the former to the latter at their request.

The declaration consisted merely of appropriate common counts, to which John Ziemens alone pleaded the general issue and a verified plea denying joint liability, upon which issue was joined, and Hall, although summoned, filed no plea. The case was tried by jury and resulted in a verdict and judgment in favor of the plaintiffs against both of the defendants for $340. Ziemens moved for a new trial which was overruled, and he excepted. He brings the case to this court by appeal, and assigns errors, calling in question the ruling of the court in the admission and rejection of evidence, in the giving and refusing of instructions, and in overruling the motion for a new trial, in which one of the

claims made was that the verdict and judgment are contrary to the evidence.

The record has been so imperfectly abstracted, that we have had to refer to and examine the record to ascertain properly just what the evidence and the rulings of the court upon the same were, and find that the greater portion of the matter which found its way into the record throws but little light upon the real issue that was tried, which was whether appellant, Ziemens, and Hall, together purchased the lumber, etc., in question, or whether Hall alone purchased it.

We will not, therefore, enter into a discussion of the evidence or the rulings of the court upon the vast amount of collateral and foreign matter that found its way improperly into the record, but will merely state, in general terms, the conclusion we have reached after a very careful reading and consideration of all the evidence.

The evidence is somewhat conflicting upon the issue tried, but the decided weight of it is with the finding of the jury, and all of the rulings of the court upon the evidence and the instructions, were in accordance with a fair trial and proper directions to the jury as to the law applicable to the issue tried. The judgment, it seems to us, upon the whole record does justice between the parties, and therefore ought to and will be affirmed.